IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION ) | |
| ) | |
| of ) | |
| ) | |
| BLENDI HAXHIAJ, ) | CASE NO. 1:05mj829 |
| ) | |
| _____) | |

MEMORANDUM OPINION AND ORDER

The United States, acting on behalf of the Italian Republic (collectively the "government"), seeks a certification that Blendi Haxhiaj is extraditable to Italy. The government is proceeding under the Extradition Treaty Between the United States of America and Italy, TIAS 10837 (1983) (the "Treaty"), and 18 U.S.C. § 3181 *et seq*. (the "Statute"). Haxhiaj contests the sufficiency of most aspects of the government's effort to comply with the Treaty and the Statute. The court now finds that the government has met its burden of showing that Haxhiaj is subject to extradition.

On January 18, 2006, the court commenced the hearing required by 18 U.S.C. § 3184 and Article X of the Treaty, and took the matter under advisement. On February 23, 2006, the court determined that the government had not met its burden of proof where, as here, the prisoner has been convicted *in absentia* in the demanding state. The majority

rule in such cases, followed by this court, requires the government to present evidence of probable cause of guilt independent of, and in addition to, the fact of conviction.[1]

Over the prisoner's objection, the court found that the Treaty provided for the government to have additional time to present such independent evidence of probable cause under the circumstances presented, and continued the matter for further proceedings on May 9, 2006.  (The court also revisited the issue of bail and found that the prisoner was not entitled to bail.  *See* docket no. 20.)

The court had directed the government to supplement the record within sixty days.  The supplementation did not occur until seventy-one days after that order.  The court overruled the prisoner's objections and request for dismissal of the proceedings, finding that the brief delay involved did not invalidate the proceedings.  (It did not delay the May 9, 2006 hearing.)

The prisoner also objected that the supplemental record produced in support of probable cause was not submitted under appropriate authenticating seal as required by the Treaty.  This appeared to have been an oversight during a rushed effort to submit the documents within the time set by the court.  The court found that the government should be given a brief extension after the hearing to correct this technical defect.  The government did so (docket no. 32) and the properly certified documents are hereby

---

[1] Extradition, it is frequently said, is neither civil nor criminal, but *sui generis*.  The court's normal function under the statutory scheme is merely to determine probable cause so that the Secretary of State can proceed to make the decision whether to extradite.  It is worth noting that the Secretary's decision in past cases of conviction *in absentia* has been conditioned on the agreement of the demanding state to provide a trial *de novo* on the prisoner's return.  *See Restatement (Third) of Foreign Relations Law of the United States* § 475.

admitted into evidence *nunc pro tunc*. (The prisoner is not prejudiced by this ruling. Under Article XI of the Treaty, he would have been subject to immediate re-arrest and a renewed petition for extradition if the court had dismissed the present petition on this technicality.)

As stated from the bench, the government has now met the burden of showing probable cause to believe that the prisoner engaged in a drug trafficking scheme or conspiracy in violation of Italian law. He has in fact been convicted and sentenced for such offenses *in absentia*. The record presented by the government at the May 9, 2006 hearing, now filed in properly certified form, demonstrates that the convictions were based on substantial evidence.

The conviction records presented by the government at the initial hearing had strongly suggested within their narrative form what the evidence was at trial, but the conviction records never explicitly stated the evidence. The supplemental record, a statement by Italian Magistrate Bruno Fenizia, now summarizes the evidence itself. The prisoner's guilt of drug trafficking was proven by a combination of wiretaps of his conversations and physical surveillance of his activities.

The evidence included the following:

> The guilt of the person convicted for the single episodes, charged in counts 21 and 28, was shown through phone-tapping and by trailing operations.

> In particular (see p. 110 et seq. of the judgment), the position of Blendi Haxhiaj and his sister Doriana emerged in the calls tapped at 23.32 and 23.56 on 4.6.2000 and at 00.15, 00.25, 00.40, 00.45 and 00.53 on 5.6.200 [sic]. In later conversations the same day (at 9.27, 10.47, 10.51,

>10.52, 10.57 and 11.10) it emerged that Armand Boka was planning to transfer a batch of heroin to Carmine Di Serio, and for that purpose he contacted Blendi Haxhiaj for the actual delivery. The Police went to the place arranged for the meeting (Hotel Martini in Naples) and observed Blendi Haxhiaj reaching the place driving the VW Polo numbered BG 834 EX, and meeting the purchaser Carmine Di Serio and another person. After their meeting the three drove away in a column in their respective cars, followed by the Police, who then lost contact with them so as not to arouse suspicions. From the calls made between Armand Boka and Blendi Haxhiaj (at 13.36, 13.37, 14.08 and 14.09 on 5.6.2000) it was confirmed that the drug had been delivered and in fact, further proving this, the purchasers Carmelo Di Serio and Vittorio Nisi were intercepted at Nola on the Naples-Bari motorway and were arrested when found in possession of about 2 kg of heroin.
>
>For the facts charged in count 28 (pages 126 et seq. and 147 et seq. of the judgment) it emerged in call no. 702 at 12.49 on 3.8.2000, no. 787 at 21.46 on 3.8.2000, no. 791 at 21.53 on 3.8.00 and no. 1383 at 00.38 on 4.8.00 that Blendi Haxhiaj and his sister Doriana had been commissioned to receive and hide a considerable quantity of marijuana, and promptly complied.

Pl.'s Supplement to Add'l Prob. Cause for Cert. of Extraditability, Ex. 3 at 3-4 (docket no. 31).

Probable cause, for the purposes of the extradition statute, is established if the evidence presented supports a reasonable belief that the person whose extradition is sought is guilty of the crime charged. *Austin v. Healy*, 5 F.3d 598, 605 (2d Cir. 1993). The evidence quoted above meets that requirement.

For these reasons the court will certify that the statutory requirements for extradition have been met, and the Clerk is ORDERED to transmit a certified copy hereof to the Secretary of State together with copies of the transcripts herein and of the documents received by this court from the government of the Italian Republic.

4

Certification

The United States District Court for the Eastern District of Virginia, by the undersigned United States Magistrate Judge, hereby certifies to the Secretary of State that:

(a) With respect to Blendi Haxhiaj, a fugitive from the Italian Republic who was found in this judicial district, the United States Government, acting on behalf of the Italian Republic, has provided "evidence sufficient to sustain the charge" against Haxhiaj "under the provisions of the proper treaty or convention . . . ." as required by 18 U.S.C. § 3184.

(b) All applicable requirements of Chapter 209 of Title 18 of the United States Code for the extradition of Haxhiaj to the Italian Republic have been met.

(c) The transcripts and copies of records from the Italian Republic that accompany this certification constitute "a copy of all the testimony taken" in this matter as provided for in 18 U.S.C. § 3184.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia
August 16, 2006